FILED
2005 Jun-17 PM 04:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MELISSA LYNN; JEREMY C. CREEL; ALLEN L. ODEN; LEWIS E. BALLARD; BRADLEY N. AKIN; DENNIS JACKS**       Plaintiffs,  v.  **THE COUNTY COMMISSION OF JEFFERSON COUNTY, ALABAMA**       Defendant. | )  )  )  )  )  )  )  )  CASE NO. )  )  )  )  )  )  ) |

## COMPLAINT

1. This is an action for declaratory judgment, back pay, liquidated damages, and injunctive relief pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§201 et seq.

2. The plaintiffs have been employed by the County Commission of Jefferson County, Alabama at all times material to the subject of this complaint. This action is brought to recover overtime compensation, liquidated damages, attorney's fees, costs and other damages as allowed by the Fair Labor Standards Act of 1938 (hereinafter FLSA). In addition, plaintiffs have asserted a claim under state law for breach of contract. This court has jurisdiction over state law claims pursuant to 28 U.S.C. 1367.

3. Located in Birmingham, Alabama, the defendant operates the county governmental offices and functions for Jefferson County. It is an employer subject to the FLSA.

4. This action is brought pursuant to 29 U.S.C. Sec. 216 (FLSA) and a pendent state law claim, breach of contract.

5.      During the previous three years, plaintiffs worked in excess of forty hours during the work week.  Defendant County has failed or refused to pay overtime rates as required under FLSA.  Plaintiffs claim that the acts and conduct of the defendant in denying their rights for overtime compensation as allowed by the FLSA were willful and in bad faith and done with the intent and knowledge that said denial was in violation of the law: plaintiffs seek recovery of all such damages, including liquidated damages permitted under law for the period of three years preceding the filing of the complaint.  Plaintiffs allege the following: unpaid and unrecorded overtime pay, and inequities in paying overtime between departments within the County.  In particular, plaintiffs were not compensated for overtime while driving a county vehicle to and from designated county facilities.  This was pursuant to certain policy and occurred daily before and after the regular shifts of the plaintiffs.

6.      Plaintiffs claim that the defendant violated both the record-keeping and overtime provisions of the FLSA, 29 U.S.C. Secs. 207 and 211 by failing to record the hours actually worked and by failing to compensate term for overtime, and did so willfully and intentionally.

7.      A three-year statute of limitations applies to plaintiffs' claims, as the defendant displayed a willful disregard of employment rights under FLSA, 29 U.S.C. Sec. 255, and the Portal-to-Portal Act of 1947, Section 11, 29 U.S.C. Sec. 260.

8.      Mandatory liquidated damages are also appropriate inasmuch as the defendant cannot, in light of the facts presented herein, make the required showing that its actions in violation of the FLSA were made in good faith and that it had reasonable grounds for its belief that its actions were not in violation of the law.  29 U.S.C. Sec. 216; Portal-to-Portal Act, Section 11, 29 U.S.C. Sec. 260.

9.      Plaintiffs further seek a reasonable attorney fee for their attorneys in this action

pursuant to Section (b) of the FLSA, 29 U.S.C. Sec. 216(b).

## COUNT TWO: BREACH OF CONTRACT

10.Plaintiffs re-allege paragraphs 1-9.

11.Each plaintiff, commencing with their respective employment with defendant, entered into a contract by which defendant promised to pay each plaintiff for hours worked and for overtime.  Defendant breached the agreement by not paying for actual hours worked and otherwise not paying for overtime.

12.Plaintiffs have authorized the filing of this suit.

## REQUEST FOR RELIEF

**WHEREFORE, THESE PREMISES CONSIDERED,** the plaintiffs request that this Court:

1.Render judgment against defendant in the amount of unpaid overtime wages plus and equal amount in liquidated damages, plus the cost of this action, including the award of attorney fees and such other relief as may be just, proper and necessary.

2.Enjoin the County to pay under the FLSA.

3.Award back pay and related relief to each plaintiff.

4.Enter a judgment against the County for the plaintiffs for compensatory damages in an amount to be decided at trial.

5.Issue a permanent injunction requiring the County to abolish unfair labor practices under FLSA.

6.Award plaintiffs the costs of this action and reasonable attorney's fees pursuant

to FLSA.

7.  Order other and further relief that is just and proper.Find and declare that the

s/William M. Dawson
William M. Dawson
Attorney for Plaintiff
2229 Morris Avenue
Birmingham, AL 35203
(205) 323-6170

s/Stephen C. Wallace
STEPHEN C. WALLACE
Attorney for Plaintiff
2229 Morris Avenue
Birmingham, AL 35203
(205) 323-6170

Plaintiff requests that Defendant Jefferson County Commission be served by process server at the following address:

> Jefferson County Commission
> Jefferson County Courthouse
> Birmingham, AL 35203